UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
LYNDA MARANINO, as Administrator of the Estate of
VILMA TROISE aka VILMA MARIE TROISE,

                         Plaintiff,                          No. 22-CV-4816 (CS)

    – against –                                              **ORDER**

CABRINI OF WESTCHESTER d/b/a ST. CABRINI
NURSING HOME, ABC CORPORATION, and
ABC PARTNERSHIP,

                        Defendants.
-------------------------------------------------------------------------x

Appearances:

Joseph Ciaccio
Napoli Shkolnik PLLC
Melville, New York
*Counsel for Plaintiff*

Fiachra P. Moody
Lori Rosen Semlies
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
White Plains, New York
*Counsel for Defendants*

Seibel, J.

      Defendants removed this case on June 8, 2022 pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446.  (ECF No. 1.)  On December 15, 2022, I issued an order remanding this matter to the Supreme Court of the State of New York, Westchester County.  (ECF No. 20 (the "Remand Order").)  On December 20, 2022, Defendants filed a motion requesting an automatic 30-day stay of execution of the Remand Order pursuant to Rule 62(a) of the Federal Rules of Civil Procedure.  Defendants seek the stay for the limited purpose of filing an appeal of the Remand Order pursuant to 28 U.S.C. § 1447(d).

As a threshold matter, I address Plaintiff's argument that that the mailing of the remand order to the State Court divested this Court of jurisdiction to issue the limited stay that Defendants seek. Plaintiff cites *Shapiro v. Logistec USA*, 412 F.3d 307 (2d Cir. 2005), in support of this argument. But *Shapiro* is distinguishable because that case addressed remand orders that are not reviewable "on appeal or otherwise" under 28 U.S.C. § 1447(d). *See id.* at 311-12. Because the Remand Order is reviewable under § 1447(d), as explained below, that reasoning is inapplicable here. *See Fernandez v. Tyson Foods, Inc.*, No. 20-CV-2079, 2021 WL 1257557, at *2 (N.D. Iowa Jan. 28, 2021). Accordingly, I have jurisdiction to consider this application. *See* Order at 1, *Palma v. Cabrini of Westchester*, No. 22-CV-5430 (Aug. 29, 2022), ECF No. 16.

Defendants are entitled to an appeal in this matter under 28 U.S.C. § 1447(d) because removal was pursuant to 28 U.S.C. § 1442. 28 U.S.C. § 1447(d) ("[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."); *see BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) (where § 1442 is one of several grounds for removal, the entire remand order is reviewable on appeal). Federal Rule of Civil Procedure 62(a) provides for an automatic stay on "execution of a judgment" for 30 days after the entry of a judgment, "unless the court orders otherwise." Fed. R. Civ. P. 62(a).[1] Accordingly, because the Court has the power to "order[] otherwise," a stay in these circumstances is a matter of judicial discretion. *See, e.g., Carrillo v. Sela Healthcare, Inc.*, No. 21-CV-150, 2021 WL 4556421, at *5 (C.D. Cal. Sept. 8, 2021) ("As § 1447 does not provide for a stay of execution pending such appeal, the grant or

---

[1] Under the Federal Rules, "judgment" includes an "order from which an appeal lies." Fed. R. Civ. P. 54(a); *see* Order at 1, *Palma v. Cabrini of Westchester*, No. 22-CV-5430 (Aug. 29, 2022), ECF No. 16.

denial of a stay rests squarely in the sound discretion of the district court.") (cleaned up); Order at 1, *Palma v. Cabrini of Westchester*, No. 22-CV-5430 (Aug. 29, 2022), ECF No. 16; *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) (stay is "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case") (cleaned up).

Plaintiff argues that under the four factors set out in *Nken* – "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies," *Nken*, 556 U.S. at 434 – Defendants have not met their burden to show they are entitled to a stay.  I note the distinction between the time-limited automatic stay under Rule 62(a) – in this case, sought solely for the purpose of filing a notice of an appeal to which Defendants are entitled under § 1447(d) – and the issuance of an open-ended stay of the Remand Order pending that appeal, which Defendants have not requested at this time.  *See City of Annapolis v. BP P.L.C.*, No. 21-CV-772, 2022 WL 4548226, at *5 & n.3 (D. Md. Sept. 29, 2022) (denying a stay of a remand order pending the resolution of a related Supreme Court case under the *Nken* factors, but nonetheless granting "a temporary 30-day stay of execution of its remand order, under Rule 62(a) of the Federal Rules of Civil Procedure, for the narrow purpose of ensuring Defendants have the opportunity to appeal, if desired").  While Defendants have not shown that they are likely to succeed on appeal, execution of the remand order at this stage would deny them their statutory right to appeal.  Moreover, the brief nature of the stay, and its limited purpose, negate any significant prejudice to Plaintiff.

Accordingly, the Clerk's December 15, 2022 execution of the Remand Order (but not the Remand Order itself) is vacated, and this matter is stayed until January 14, 2023, pursuant to

Federal Rule 62(a), so that Defendants may file a notice of appeal.  Upon the expiration of the 30-day automatic stay, the Clerk is respectfully directed to execute the Remand Order.

**SO ORDERED.**

Dated: December 29, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.